**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                  **v.**            **10-CR-188A(Sr)**

**JOSE DE LEON,**

       **Defendant.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. # 251.

## PRELIMINARY STATEMENT

The defendant, Jose De Leon, is charged in counts 3, 4 and 13 of a 13 count indictment against 23 defendants with participation in a continuing criminal enterprise, in violation of Title 21, United States Code Sections 841(a)(1), 843(b) and 846, in violation of Title 21, United States Code Section 848(a); conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of a mixture and substance containing cocaine and a mixture and substance containing marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D), in violation of Title 21 United States Code Section 846; and unlawful possession of firearms in furtherance of drug trafficking crimes, in violation of Title 18,

United States Code, Section 924(c)(1) and 2.  Dkt. #1.  The defendant also faces

forfeiture of money pursuant to Title 21, United States Code, Sections 853(a)(1),

853(a)(2), and 853(p), and forfeiture of firearms and ammunition pursuant to Title 18,

United States Code, Sections 924(d) and 3665; Title 28, United States Code, Section

2461©; and Title 21, United States Code, Section 853.  Dkt. #1.


The defendant filed an omnibus motion.  Dkt. #337.  The government filed

a response and request for reciprocal discovery.  Dkt. #380.


## DISCUSSION AND ANALYSIS

**Discovery and Inspection**

The government represents that it is in compliance with its obligations

pursuant to Rule 16 of the Federal Rules of Criminal Procedure and declares its

intention to disclose any additional information subject to Rule 16 as it is discovered.

Dkt. #380, pp.1-3.  In accordance with Rule 12(b) of the Federal Rules of Criminal

Procedure, the government notifies the defendant of its intention to introduce any

evidence disclosed to defendant at trial.  Dkt. #380, p.3.  However, the government

notes that many of defendant's requests are beyond the scope of pre-trial discovery.

Dkt. #380, pp.3-4.


<u>Defendant's Statements</u>

In reliance upon the government's representation that it has disclosed

defendants' statements to law enforcement personnel pursuant to Rule 16(a)(1)(A) of

the Federal Rules of Criminal Procedure, this aspect of defendant's motion is denied as moot.

## Defendant's Criminal Record/Prior Bad Acts

Although the government does not specifically respond to this request, in reliance upon its representation that it is in compliance with its obligations pursuant to Rule 16 of the Rules of Criminal Procedure, this aspect of defendants motion is denied as moot.  Defendant's request for disclosure of prior bad acts is addressed below, pursuant to his request for disclosure pursuant to Rule 404(b).

## Documents or Tangible Objects

In reliance upon the government's representation that it has complied with Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, and that any additional items will be provided voluntarily as they are identified, defendant's motion for disclosure of documents and tangible objects is denied as moot.

## Reports of Examinations or Tests & Expert Witnesses

In reliance upon the government's representation that it will disclose all materials that are discoverable under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure and that it will comply with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, as well as Rules 702, 703 and 705 of the Federal Rules of Evidence, and that it will cooperate with defendant to provide the chemists' credentials and methods in the event that the defendant declines to stipulate as to the reports regarding the

controlled substances, as well as the qualifications of government law enforcement experts relating to vague/coded drug references and firearms, this aspect of defendant's motion is denied as moot.


## *Brady, Giglio* & *Jencks* Material

The government acknowledges its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.


## Statements of Co-Conspirators

Rule 16 does not encompass co-conspirator statements. *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). The *Jencks* Act provides the exclusive procedure for discovering statements that government witnesses – including co-conspirators – have given to law enforcement agencies. *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987). Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to disclose statements made by a defendant's co-conspirator during

and in furtherance of the conspiracy.  The admissibility of any such statements is best

addressed by the trial judge.  *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir.), *cert.*

*denied*, 519 U.S. 955 (1996).  Accordingly, this aspect of defendant's motion is denied.


Identity of Informants

                Disclosure of the identity or address of a confidential informant is not

required unless the informant's testimony is shown to be material to the defense.

*United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089

(1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is

not required to disclose identity of confidential informants).  "Speculation that disclosure

of the informant's identity will be of assistance is not sufficient to meet the defendant's

burden; instead the district court must be satisfied, after balancing the competing

interests of the government and the defense, that the defendant's need for disclosure

outweighs the government's interest in shielding the informant's identity." *United States*

*v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  It is not

sufficient that the informant was a participant and witness to the crime.  *Saa*, 859 F.2d

at 1073.   As defendant has failed to set forth a sufficient basis for the disclosure of this

information, this aspect of defendant's motion is denied.


F.R.E. 403, 404(b) and 609

                The government notifies defendant that it intends to introduce at trial,

pursuant to Rule 404(b) of the Federal Rules of Evidence, all prior criminal conduct to

show proof of defendant's motive, opportunity, intent, preparation, plan, knowledge,

identity, and absence of mistake or accident and represents that it will timely disclose

evidence within the ambit of Rules 404(b), 608(d) and 609 of the Federal Rules of

Evidence, but notes that it has no obligation to provide defendant with information that

could be used to impeach him pursuant to Rule 608, should he elect to testify.  In

reliance upon the government's representations, this aspect of defendant's motion is

denied as moot.


Sentencing Guidelines

There is no legal requirement that a defendant be provided with

"sentencing guideline" calculations prior to trial.  *United States v. Williams*, 977 F.2d

866, 871 (4th Cir. 1992).  It is also pointed out that in this District, a defendant is

provided with a preview of the Pre-Sentence Investigation Report in advance of

sentencing, and the factors to be considered in arriving at a sentence are already

available to the defendant.  Therefore, this request is denied.


Personnel Files of Government Agent Witnesses

In reliance upon the government's representation that it is aware of its

obligation to disclose potential impeachment material from the personnel files of law

enforcement witnesses, the defendant's request is denied as moot.  The Court reminds

counsel for the government that *Brady*, *Giglio* and their progeny dictate that the

government's obligation to disclose material favorable to the accused extends to

information that impeaches the credibility of the government's witnesses regardless of

the witnesses' employer.  Accordingly, counsel for the government is hereby directed to

ensure that a proper request and review of the personnel files of all law enforcement

witnesses, regardless of their employer, is conducted and that all properly discoverable

information is disclosed to the defendant in a timely fashion as provided by *Brady*,

*Giglio* and their progeny.


F.R.E. 807

   In reliance upon the government's representation that it has no present

intention of introducing any statement within the residual hearsay exception set forth in

Rule 807 of the Federal Rules of Evidence, and its acknowledgment of its obligations

should it determine the exception applicable, this aspect of defendant's motion is

denied as moot.


**Bill of Particulars**

   "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant

to seek a bill of particulars in order to identify with sufficient particularity the nature of

the charge pending against him, thereby enabling defendant to prepare for trial, to

prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a

second time for the same offense."  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d

Cir. 1987).  Thus, a bill of particulars is required only where the charges of the

indictment  are so general that they do not advise the defendant of the specific acts of

which he is accused.  *United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*,

543 U.S. 994 (2004); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).  "The

prosecution need not particularize all of its evidence.*" United States v. Davidoff*, 845

F.2d 1151, 1154 (2d Cir. 1988).  "Moreover, 'a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.'"  *Id., quoting Walsh*, 194 F.3d at 47.  "Generally, the particulars as to the formation of a conspiracy need not be set forth by the prosecution," as such details "are not necessary to allow the defendant to prepare his defense or to plead double jeopardy."  *United States v. Iannelli*, 53 F.R.D. 482, 483 (S.D.N.Y. 1971). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court."  *Bortnovsky*, 820 F.2d at 574; *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).  As the charges in the indictment, along with the discovery materials provided by the government and the affidavit in support of the criminal complaint clearly inform the defendant of the essential facts of the crimes charged, the defendant is not entitled to, nor is he in need of, the particulars being sought for that purpose.  As a result, defendant's motion is denied.

**Suppression**

Defendant's request "to suppress any and all evidence obtained through any and all illegal searches and seizure" is denied on the ground that it lacks any factual basis or legal argument for the relief requested.

**Preservation of Evidence**

The government is hereby directed to maintain and preserve all materials that are known by the government to exist and that constitute potential *Jencks* and Rule 16, Fed.R.Crim.P. material in this case.  As the Court of Appeals for the Second Circuit

admonished:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

**Joinder in Co-Defendants' Motions**

It is hereby ordered that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant has standing to join shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

Defendant's request for leave to make further motions is granted provided that any additional bases for relief are based on facts or information learned by reason

of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to reciprocal discovery pursuant to Rule 16(b)(1), and its request is hereby granted. The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

-10-

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            June 15, 2012


              *s/ H. Kenneth Schroeder, Jr.*
              **H. KENNETH SCHROEDER, JR.**
              **United States Magistrate Judge**